IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:25-CV-248

| | |
|---|---|
| BIG SPOON ROASTERS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>OYSTERCAT PRODUCTIONS LLC<br>d/b/a BIG SPOON SAUCE CO.;<br>NATHAN G. BENDER, and LANI<br>CHAN each individually, and<br>collectively d/b/a BIG SPOON<br>SAUCE CO.,<br><br>        Defendants. | **PLAINTIFF'S COMPLAINT FOR<br>INJUNCTIVE RELIEF**<br>**(Jury Trial Demanded)** |

Plaintiff Big Spoon Roasters LLC ("Big Spoon"), by its attorneys, as and for its Complaint herein against Oystercat Productions LLC d/b/a Big Spoon Sauce Co.; and Nathan G. Bender and Lani Chan each individually, and collectively d/b/a Big Spoon Sauce Co., alleges the following:

## PARTIES

1.      Big Spoon is a limited liability company duly organized and existing under the laws of the State of North Carolina, having its principal place of business located at 500 Meadowlands Drive, Hillsborough, NC 27278.

2.      Oystercat Productions LLC ("Oystercat") d/b/a Big Spoon Sauce Co. is a limited liability company organized and existing under the laws of the

State of California, having its principal place of business located at 8430 Valley View Ct, Sebastopol, CA 95472, with its registered agent, Nathan G. Bender, having a mailing address of the same. Oystercat has the fictious business name of Big Spoon Sauce Co. registered with the Sonoma County Clerk-Recorder.

3.    Upon information and belief, Nathan G. Bender is a resident of Sonoma County, California. Mr. Bender is a co-operator/proprietor of Big Spoon Sauce Co. in its various forms, and the organizer of Oystercat.

4.    Upon information and belief, Lani Chan is a resident of Sonoma County, California. Ms. Chan is a co-operator/proprietor of Big Spoon Sauce Co. in its various forms, and the incorporator of the former Big Spoon Sauce Co. corporation, dissolved in May 2024.

## JURISDICTION AND VENUE

5.    This is a civil action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"), as amended 15 U.S.C. § 1051 *et seq.* This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that this action arises in part under 15 U.S.C. § 1125.

6.    This Court also has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000. This Court has jurisdiction

2

over Big Spoon's state law claims under 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under federal trademark law, and pursuant to the doctrine of supplemental jurisdiction.

7.     This court has personal jurisdiction over Defendants.

8.     Upon information and belief, the Defendants, collectively, have through their generally accessible website targeted commercial activity towards this Judicial District and State (and the United States generally) such that they can be said to have purposefully availed themselves of the privilege of conducting activities in this State. (*See, e.g.*, Exhibit A (Big Spoon Sauce Co. Online Checkout)).

9.     Ms. Chan and Mr. Bender each individually and personally engaged in and directed the conduct that constitutes the underlying infringement.

10.     Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b) and (c), as the Defendants have engaged in acts of infringement within this Judicial District, which acts are the subject of this Complaint.

## The Big Spoon Business

11.     Big Spoon began business in January 2011. Since then, it has sold food products—including high-quality nut butters and nut-butter products—

with a focus on integrity and innovation (including tapping into food traditions, like Southeast Asia, and food disciplines, like mixology).

12. Nut butters are food products made by grinding nuts, releasing their natural oils, into a paste, which may then be blended with other ingredients, including commonly salt, honey, and spices. Big Spoon has been and is an innovator for this food product by blending multiple nuts, using unique spices, and producing nut butters inspired by international cuisine, like its award-winning Lum Lum Thai Curry nut butter inspired by the Penang curry tradition of Thailand (pictured below alongside Big Spoon's "Sweet Heat," inspired by the tradition of "Mamba" spice peanut butter of Haiti).

 

4

13.   Nut butters constitute a condiment and can be used as a standalone snack, a spread on or dip for bread or crackers, an ingredient in smoothies, a topping for both sweet and savory dishes/foods, or an ingredient in cooking and baking, including as the base for sauces, particularly for Southeast Asian cuisine.

14.   Big Spoon has intentionally focused distribution of its products in specialty, gourmet retail stores that focus on artisanal, specialty, and/or locally made products and prides itself on producing an ethical, locally- and transparently-sourced products.  Big Spoon also markets and sells its products via an online retail store.

15.   Big Spoon's nut butters and nut-butter products constitute all-natural, specialty food items and thus are distributed primarily at stores catering to customers seeking that caliber of product.

### The "BIG SPOON" Brand and Trademark

16.   Big Spoon has been providing those peanut butter, nut butter, peanut butter-based food products and goods in connection with its BIG SPOON brand and trademark (hereinafter, referred to as "BIG SPOON Mark") since at least as early as 2011.

5

17.     Big Spoon is the owner of U.S. Trademark Registration Nos. 4,257,071, 4,768,975, and 7,211,165 for BIG SPOON ROASTERS[1] (collectively the "Big Spoon Registrations"). The Registration No. '975 is for peanut butter- and nut butter-based bakery goods in International Class 30 and also for peanut butter-based snack foods and peanut butter-based energy bars not for use as meal replacements in International Class 29, while the '975 and '165 Registration Nos. are only for International Class 29.

18.     U.S. Trademark Registration No. 4,257,071 for BIG SPOON ROASTERS was placed on the Principal Register of the United States Patent and Trademark Office on December 11, 2012, and is now in full force and effect. A true and correct copy of this registration, which is valid and existing, incontestable, unrevoked and uncancelled, is attached hereto as Exhibit B.

19.     U.S. Trademark Registration No. 4,768,975 for BIG SPOON ROASTERS was placed on the Principal Register of the United States Patent and Trademark Office on July 7, 2015, and is now in full force and effect. A true and correct copy of this registration, which is valid and existing, incontestable, unrevoked and uncancelled, is attached hereto as Exhibit C.

_____

[1] Big Spoon has disclaimed the ROASTERS portion of the Mark. Therefore, Big Spoon refers to its mark herein as the BIG SPOON Mark.

6

20. U.S. Trademark Registration No. 7,211,165 for BIG SPOON ROASTERS was placed on the Principal Register of the United States Patent and Trademark Office on September 1. 2022, and is now in full force and effect. A true and correct copy of this registration, which is valid and existing, incontestable, unrevoked and uncancelled, is attached hereto as Exhibit D.

21. Big Spoon has enjoyed continuous and substantially exclusive use of its BIG SPOON Mark for its goods and products since, at least, December 11, 2012.

22. Big Spoon's advertisement and provision of its goods and products in connection with its BIG SPOON Mark have been considerable.

23. Big Spoon has developed and acquired a valuable reputation in the minds of the consuming public in connection with its goods advertised under the BIG SPOON Mark and has enjoyed the goodwill associated therewith. The BIG SPOON Mark is today among Big Spoon's most valuable assets.

## Defendants' Infringing Activities

24. Defendants currently market and sell food products in interstate commerce in connection with the term "BIG SPOON SAUCE CO." (hereinafter referred to as the "BIG SPOON SAUCE CO. term"), as shown in Exhibit E.

25. Defendant's products are similar to Big Spoons products. Defendants' products are made with ingredients similar to Big Spoon's

7

products. For example, the ingredients in Defendant's "Big Spoon" "Chili Crisp" are oil, roasted peanuts and spices:



26. Defendants' label clearly emphasizes "Big Spoon" as the brand of the product, and highlights that it is made with roasted peanuts.

27. Likewise, Defendants offer their products for sale using the same channels of trade that Big Spoon uses, those being gourmet and specialty retailers. Moreover, given the similarity of the products, Defendants products are displayed for sale in the same areas of stores, including being on the same aisles and shelves.

28. Given the similarity of the products, in addition to using the same channels of trade, Defendant and Big Spoon market their competing products

8

to the same consumers. Big Spoon sells its products in the same geographical areas that Defendants market and sell their products.

29. As referenced above, like Big Spoon, Defendants operate an online retail store under the BIG SPOON SAUCE CO. term selling those food products under the Big Spoon brand. As shown on Exhibits A and D and below, Defendants' markings emphasize the "BIG SPOON" portion of the infringing BIG SPOON SAUCE CO. term.

 

30. As part of its wider business, Big Spoon operates an online retail store selling its peanut butter, nut butter, peanut butter- and nut butter-based food products and goods under the BIG SPOON Mark. Big Spoon also supplies its products for sale in specialty/gourmet food retailers throughout the United States. Upon information and belief, Defendants had actual knowledge of the existence of Big Spoon's BIG SPOON Mark prior to Defendants' adoption and use of the BIG SPOON SAUCE CO. term, which is substantially identical to Big Spoon's BIG SPOON Mark and the Big Spoon Registrations for BIG SPOON ROASTERS.

9

31. Mr. Bender has in fact submitted pending trademark applications for food sauces which incorporate the term "BIG SPOON": U.S. Application Serial Nos.: 97837036 for BIG SPOON SAUCE CO.; 97840951 for BIG SPOON SAUCE CO MAGIC BEANS; 97837066 for BIG SPOON SAUCE CO CHILI CRISP; and 97840976 for BIG SPOON SAUCE CO DRAGONS BOOTY.

32. On November 20, 2024, counsel for Big Spoon sent a letter to Defendants' counsel advising of Big Spoon's BIG SPOON Mark and seeking to find a resolution regarding the consumer confusion caused by Defendants using the term Big Spoon Sauce Co. in connection with Defendants' food sauce products.

33. Defendants own marketing materials show that they intend for their food products to be considered gourmet or specialty food items and distributed in that channel of trade, particularly in artisan or local grocery stores. *About*, Big Spoon Sauce Co., https://bigspoonsauceco.com/pages/about ("[The individual Defendants] [a]re fortunate to live in close proximity to an abundance of small-scale producers and adventurous diners.") (last visited Mar. 28, 2025). Likewise, Defendants' marketing materials emphasize that the products themselves are similar to and used for the same purposes as Big Spoon's products by the same type of consumers. Specifically, Defendants emphasize:

10

- Their food products' flexibility as a condiment, Big Spoon Sauce Co., https://bigspoonsauceco.com/ ("Your new favorite condiment . . . . and "is universally delicious on any dish.") (last visited Mar. 28, 2025); *see* Jennifer Grau, *Occidental couple's recipe for chili crisp sauce has a devoted fan base*, The Press Democrat (Jan. 17, 2023), (reposted on Defendants' website) https://www.pressdemocrat.com/article/lifestyle/occidental-couples-recipe-for-chili-crisp-sauce-has-a-devoted-fan-base/?artslide=0.

- Their ethical supply chain and local suppliers and focus, *See* Grau, *supra* (describing Big Spoon Sauce Co.'s alleged "[h]yper-local focus");

- Their alleged innovative culinary methods and reliance on international culinary traditions, *see About*, *supra* (referencing "mixology");

- Their appeal to gourmets, "foodies," or dietarily adventurous consumers, *id.* (referencing appeal to "adventurous diners");

- Their connection to local or micro- distributors and grocery stores, *see* Grau, *supra.*

11

- And their alternative, direct availability via their online store.

  *See* Big Spoon Sauce Co, *supra.*

34.    In fact, consistent with the allegations above, retailers place Big Spoon's and Defendants' products on the same isle and in close proximity, as Defendants very well know:



*November 25, 2024 Instagram Post by Lunchette, a "Pint-sized venue for grab-and-go salads, grain bowls & health minded-eats made with local elements," with annotations indicating, in green, Big Spoon's products and, in red, Defendants' products, https://www.instagram.com/p/DCxC-wgzpJK/.*

Case 1:25-cv-00248-TDS-JLW    Document 1    Filed 03/28/25    Page 12 of 23

35.     Defendants were aware or should have been aware that the trade and purchasing public recognize and rely upon the BIG SPOON Mark to identify Big Spoon's products and to distinguish Big Spoon's products from the products of others.

36.     Defendants were aware or should have been aware that their use of the Big Spoon Sauce Co. term was likely to confuse, mislead, and otherwise deceive consumers into believing that Defendants' goods originate from or are licensed, sponsored, approved or authorized by Big Spoon.

37.     Defendants was aware or should have been aware that their use of the Big Spoon Sauce Co. term was likely to cause confusion with Big Spoon's well-known BIG SPOON Mark.

38.     Defendants' acts have likely caused confusion among the consuming public and consumers of goods sold at specialty food retailers as to the source, approval, sponsorship or affiliation of Defendants' goods with the like goods of Big Spoon.

39.     By the aforementioned acts, Defendants have taken advantage of and sought to trade upon the reputation and goodwill developed by Big Spoon in connection with its BIG SPOON Mark and to capitalize on the market created by Big Spoon for its goods.

40.   Defendants' acts were committed with the intent to confuse or deceive the consuming public into believing that Defendants' goods either originate from or are licensed, sponsored, approved or authorized by Big Spoon.

41.   Defendants' acts will likely induce customers to purchase Defendants' goods marked with the Big Spoon Sauce Co. term under the mistaken belief that they are purchasing one of Big Spoon's BIG SPOON goods.

42.   As a result of Defendants' conduct, Big Spoon has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.

43.   The infringing activities of Defendants are wanton, willful and deliberate.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement in Violation of Lanham Act § 32)

44.   Big Spoon hereby alleges and incorporates by reference the allegations of Paragraphs 1 through 43 above.

45.   As alleged above Big Spoon is the owner of U.S. Trademark Registration Nos. 4,257,071, 4,768,975, and 7,211,165 for BIG SPOON ROASTERS. The Registration No. '975 is for peanut butter- and nut butter-based bakery goods in International Class 30 and also for peanut butter-based snack foods and peanut butter-based energy bars not for use as meal replacements in International Class 29, while the '975 and '165 Registration

14

Nos. are only for International Class 29. The Registrations which were placed on the Principal Register of the United States Patent and Trademark Office on December 11, 2012, July 7, 2015, and September 1, 2022, respectively, and are now in full force and effect.

46.     Defendants advertise, market, and provide its goods in connection with the Big Spoon Sauce Co. term.

47.     Defendants' advertisement, marketing, and provision of goods in connection with the Big Spoon Sauce Co. term are likely to cause confusion, to cause mistake, or to deceive.

48.     Defendants' acts are without license, consent, or permission of Big Spoon.

49.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Defendants' conduct has and continues to cause irreparable injury to Big Spoon and to its business, reputation and goodwill, and, unless said conduct is restrained by this Court, will continue to cause irreparable injury to Big Spoon for which there is no adequate remedy at law.

51.     Big Spoon also has suffered and continues to suffer injury and is entitled to recover all costs of suit, pursuant to 15 U.S.C. § 1117.

15

52.     Defendant knew or had reason to know of Big Spoon's longstanding and widely recognized use of its Big Spoon Mark and nevertheless intentionally adopted the Big Spoon Sauce Co. term, which is substantially identical to Big Spoon's BIG SPOON Mark and the Big Spoon Registration for BIG SPOON ROASTERS.

53.     Given that Defendants' actions were willful, deliberate, and fraudulent, Big Spoon is entitled to an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
## (False Designation of Origin and Unfair Competition in Violation of Lanham Act § 43(a))

54.     Big Spoon repeats and reincorporates each and every allegation contained in Paragraphs 1 through 53 above as if fully set forth herein.

55.     Defendants' advertisement, marketing, and provision of goods in connection with the Big Spoon Sauce Co. term falsely designates and misrepresents the origin of said goods and is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Big Spoon or as to the sponsorship or approval of Defendants' goods by Big Spoon.

56.     Defendants' acts are without license from or permission of Big Spoon.

16

57.     Defendants' acts constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     Defendants' conduct has and continues to cause irreparable injury to Big Spoon and to its business, reputation, and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Big Spoon for which there is no adequate remedy of law.

59.     Big Spoon also has suffered and continues to suffer injury and is entitled to recover all costs of suit, pursuant to 15 U.S.C. § 1117.

60.     Defendants knew or had reason to know of Big Spoon's use of its BIG SPOON Mark, and nevertheless intentionally adopted the Big Spoon Sauce Co. term, which is substantially identical to Big Spoon's BIG SPOON Mark and the Big Spoon's Registrations for BIG SPOON ROASTERS.

61.     Given that Defendants' actions were willful, deliberate, and fraudulent, Big Spoon is entitled to an award of reasonable attorneys' fees against the Defendant, pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Violation of North Carolina's Unfair Deceptive and Trade Practices Act)

62.     Big Spoon repeats and reincorporates each and every allegation contained in Paragraphs 1 through 61 above as if fully set forth herein.

17

63.     Defendants have engaged in unfair methods of competition, by, at a minimum, trading on the good will and reputation of Big Spoon and the BIG SPOON ROASTERS Mark to deceive consumers and to compete at an unfair advantage with Big Spoon in the marketplace.

64.     By mispresenting the origin and association of Defendants' goods, Defendants' actions have the capacity and tendency to deceive consumers and cause confusion in the marketplace.

65.     This conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Defendants thus intentionally deceived consumers.

66.     Defendants' actions are in or affecting commerce, as they have already offered their goods into interstate commerce, including North Carolina.

67.     These acts taken by Defendants were in or affecting commerce and constitute deceptive and unfair practices forbidden by N.C. Gen. Stat. § 75-1.1.

68.     Defendants' violations of N.C. Gen. Stat. § 75-1.1 directly and proximately damaged Big Spoon.

## FOURTH CLAIM FOR RELIEF
### (North Carolina Common Law Trademark)

69.     Big Spoon repeats and reincorporates each and every allegation contained in Paragraphs 1 through 68 above as if fully set forth herein.

18

70.    Big Spoon has a protectable interest in North Carolina in the BIG SPOON ROASTER Mark that it acquired in good faith.

71.    The BIG SPOON ROASTERS Mark is inherently distinctive and has been in use since 2012.

72.    The BIG SPOON ROASTERS Mark has become associated in the minds of relevant consumers with Big Spoon's business because of the duration of the use of the BIG SPOON ROASTERS Mark and Big Spoon's efforts to promote the BIG SPOON ROASTERS Mark.

73.    Big Spoon has not abandoned the use of the BIG SPOON ROASTERS Mark.

74.    Big Spoon's use of the BIG SPOON ROASTERS Mark arose years prior to Defendants' first use of the deceptively similar Big Spoon Sauce Co. Term described in this Complaint.

75.    Defendants have intentionally copied Big Spoon's Mark in order to mislead consumers into believing that the Defendants' goods are sold by or associated with Big Spoon's business and Mark.

76.    There is a likelihood of public confusion when Defendants' Big Spoon Sauce Co's Term used in connection with Defendants' goods is deceptively similar to the BIG SPOON ROASTER Mark.

77. Upon information and belief, Big Spoon's customers have been actually confused by Defendants' use of the Big Spoon Sauce Co's Term.

78. The acts and conduct of the Defendants constitute false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which are likely to cause confusion as to the origin, sponsorship, or approval of Defendants' commercial activities and misrepresent the nature and characteristics of Defendants' goods.

79. Big Spoon has been or is likely to be damaged by Defendants' conduct.

80. Unless Defendants are enjoined from (a) deriving any benefit from their wrongful conduct; and (b) engaging in further wrongful conduct in the future Big Spoon will suffer irreparable harm as a result of the damage to its reputation and business and the loss of customers through Defendants false statements.

WHEREFORE, Plaintiff Big Spoon Roasters LLC respectfully prays the Court:

1. Order the Defendants, their agents, co-conspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Defendants, be preliminarily and permanently enjoined and restrained from directly or indirectly:

20

(a)     providing, advertising, or promoting any food sauce or related products, in connection with the Big Spoon Sauce Co. term or any simulation, reproduction, copy, or colorable imitation thereof;

(b)     using any false designation of origin, or performing any act which can, or is likely to lead, members of the trade or public to believe that any food sauce or related product provided by Defendants are in any way associated or connected with Big Spoon or is sold, licensed, sponsored, approved or authorized by Big Spoon;

(c)     transferring, consigning, selling, shipping, or otherwise moving any products, in Defendants' possession, custody or control in connection with the Big Spoon Sauce Co. term or any mark that is substantially similar or identical to Big Spoon's BIG SPOON Mark, or disposing of in any way Defendants' records relating to the design, appearance, or purchase of advertisements or products bearing any marks confusingly similar to Big Spoon's BIG SPOON Mark;

(d)     engaging in any activity constituting unfair competition with Big Spoon, or with Big Spoon's rights in, or to use, or exploit, the BIG SPOON Mark, or causing injury to Big Spoon's name, reputation or goodwill; and

21

(e)     assisting, aiding or abiding any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (d) above.

2.     Direct that Defendants to deliver up for destruction all signs, prints, products, labels, advertisements, promotional materials, catalogues, brochures, information sheets, website materials, or other printed or graphic materials of any type in their possession or control bearing any of the matter enjoined under Paragraph 1 hereof.

3.     Direct that Mr. Bender withdraw his pending U.S. Application Serial Nos.: 97837036 for BIG SPOON SAUCE CO.; 97840951 for BIG SPOON SAUCE CO MAGIC BEANS; 97837066 for BIG SPOON SAUCE CO CHILI CRISP; and 97840976 for BIG SPOON SAUCE CO DRAGONS BOOTY, pursuant to 15 U.S.C. § 1119;

4.     To the extent U.S. Application Serial Nos.: 97837036 for BIG SPOON SAUCE CO.; 97840951 for BIG SPOON SAUCE CO MAGIC BEANS; 97837066 for BIG SPOON SAUCE CO CHILI CRISP; and 97840976 for BIG SPOON SAUCE CO DRAGONS BOOTY have been granted and those marks registered, direct the United States Patent and Trademark Office to cancel the corresponding registrations pursuant 15 U.S.C. § 1119;

5.     Award Big Spoon its reasonable attorneys' fees and costs herein;

22

6.     Grant Big Spoon a jury trial on any issue so triable under law; and

7.     Grant Big Spoon such other and further relief as the Court may deem just and proper.

This the 28th day of March 2025.

/s/ Richard M. Coughlin
Richard M. Coughlin
N.C. Bar No. 19894
rcoughlin@foxrothschild.com
Kimberly B. Gatling
N.C. Bar No. 27234
Sean T. Placey
N.C. Bar No. 56683
splacey@foxrothschild.com

FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

*Counsel for Plaintiff*